## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | Case Number: 7:04-CV-12 (HL) |
| | : | |
| **$13,000 IN UNITED STATES** | : | |
| **CURRENCY, MORE OR LESS,** | : | |
| | : | |
| **Defendant.** | : | |

### ORDER

Before this Court is Plaintiff's Motion to Compel (Doc. 17) and Claimant's Motion for Protective Order (Doc. 18). For the reasons set forth below, Plaintiff's motion is granted and Claimant's motion is denied.

The facts of this case do not seem to be in dispute. This action was filed on February 27, 2004. On November 3, 2004, the parties' Proposed Scheduling Order and Discovery Plan was made the order of this Court and was filed on November 4, 2004. On or about December 3, 2004, Plaintiff's counsel sent, by United States mail, written interrogatories to Claimant's counsel. No answer has been filed to the interrogatories..

Claimant's counsel stated that he does not know where Claimant is and, consequently, cannot file a proper answer to the interrogatories. Claimant's counsel also states that without his client, he has absolutely no means by which to answer the

-1-

interrogatories. Therefore, Claimant's counsel seeks a protective order, the Court assumes, to stay Claimant's answer to the interrogatories.[1]

Plaintiff's counsel has conferred with Claimant's counsel to secure the desired discovery without court intervention, but, Plaintiff's counsel states there appears to be no other course of action that is likely to have any success in completing discovery within the agreed time other than a Motion to Compel. Indeed, in its response to Claimant's motion, Plaintiff indicated that the inability of Claimant's counsel to maintain communication with Claimant has been an ongoing problem since at least the beginning of 2005. Plaintiff's counsel also indicated that he has neither the desire nor intention to ask the Court to hold Claimant's counsel responsible for Claimant's failure to maintain contact. Rather, should the Court order Claimant to respond to the interrogatories and should Claimant fail to do so, the United States indicated that it intends to move the Court to dismiss Claimant's claim and enter judgment in the case.

Regarding the protective order, Plaintiff argues that Claimant's lack of communication with his attorney should not be a reason to delay the case. In other words, Claimant should not be rewarded for his lack of responsibility. The Court agrees. Claimant's Motion for Protective Order (Doc. 18) is denied. Plaintiff's Motion to Compel (Doc. 17) is granted. Claimant shall respond to the interrogatories propounded by Plaintiff, and such response shall be served upon Plaintiff's counsel no later than June

---

[1] Claimant's counsel also asks for time in which to withdraw as counsel in this case. The Court has previously ruled on a motion to withdraw and set forth the procedure for withdraw. (Ord. at 1-2, Doc. 16.) Should Claimant's counsel wish to withdraw, he must follow the Court's instructions in that Order.

14, 2005.

    So ordered, this the 27th day of May, 2005.

                                              /s/ Hugh Lawson
                                           **HUGH LAWSON, Judge**

jmb