IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO. 7:04-CV-12-HL |
| | : | |
| $13,000 IN UNITED STATES | : | |
| CURRENCY, MORE OR LESS, | : | |
| Defendant | : | |
| | : | |

### FINAL ORDER OF FORFEITURE AS TO DEFENDANT PROPERTY

On or about February 27, 2004, plaintiff United States of America filed a Verified Complaint for Forfeiture against the above-named defendant property. The complaint alleges that the United States has probable cause to believe that the defendant property constitutes money furnished or intended to be furnished in exchange for a controlled substance, in violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801, *et seq.*, punishable by more than one year's imprisonment, or constitutes proceeds traceable to such exchange, and is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6). On October 4, 2005, the United States filed a Motion For Final Order of Forfeiture as to the defendant property.

The Court hereby makes the following FINDINGS OF FACT AND CONCLUSIONS OF LAW:

1. This Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1345 and 1355, and venue pursuant to 28 U.S.C. § 1395.

2. The United States has furnished due and legal notice of these proceedings as

required by statute.

3. On or about March 11, 2004, potential claimant Lamar Hampton, through his counsel, filed a timely claim and statement of interest, claiming an interest in the defendant property.

4. On November 3, 2004, the parties' Proposed Scheduling and Discovery Plan was made the order of the Court and was filed on November 4, 2004.

5. On or about December 3, 2004, counsel for plaintiff sent by United States mail, written interrogatories to counsel for claimant. To date, there has been no response from claimant.

6. On March 16, 2005, plaintiff filed a motion to compel asking the Court to intervene and order claimant to respond to the interrogatories by a date certain.

7. On April 13, 2005, counsel for claimant filed a motion for a protective order. In that motion, counsel acknowledged the receipt of the interrogatories, explained he had not been able to locate his client, and requested a delay in ruling on the motion to compel in order to give counsel an opportunity to withdraw.

8. On May 27, 2005, the Court entered an order denying the motion for protective order, granting the motion to compel and requiring the answers to the interrogatories to be served upon plaintiff's counsel no later than June 14, 2005.

9. Claimant failed to comply with the Court's order of May 27, 2005.

10. On or about June 21, 2005, counsel for plaintiff filed a Motion to Strike Pleadings pursuant to Fed. R.Civ.P. 37(b)(2)(C).

11. On or about July 25, 2005, the Court entered an Order striking claimant's claim and authorizing plaintiff to file a motion for final order of forfeiture.

12. No other claims or answers have been filed and the time for filing such claims and answers has now expired.

13. The United States had and still has probable cause to seize and forfeit the defendant property.

It is therefore HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. All right, title, and interest in the defendant property, $13,000.00 in United States Currency, is hereby forfeited to and vested in the United States, which shall have clear title to the defendant property.

2. The United States Attorney General or his authorized designee shall dispose of this property in accordance with the law, see 21 U.S.C. § 881(e).

SO ORDERED, this 11th day of October, 2005.

s/   **Hugh Lawson**

HUGH LAWSON
UNITED STATES DISTRICT JUDGE